JOHN B. WALKER *vs.* JOSEPH S. BEAL & others.

A testator devised property to trustees, in trust to pay one sixth of the income to each of his five children, "and a sum not exceeding one sixth part thereof to be expended, as in their discretion may be proper, for the support and education of the children of my late son J. S.:" in case of the death of either of his children having issue, the issue to receive the share of their parent, and said trusts to be continued for their benefit during their minority and education, and after that their share to be paid over to and distributed among them or him: "and after the children of J. S. shall attain their majority and have received their education, the portion of the fund intended for their benefit, being one sixth of the trust fund, shall be paid to, and distributed to and among them equally:" "and in case of the decease of either of the children of J. S. before obtaining his or her majority, leaving no issue, that portion of the one sixth of the trust fund, and the income belonging to said deceased child, shall go to the surviving brothers and sisters." A later clause gave other property to the trustees for the benefit of the children of J. S. until the youngest of said children should reach the age of twenty-one years, and then said property to be divided equally among them. *Held,* that each child of J. S., on attaining his majority, was entitled to have the principal of his proportional share in the trust fund first above mentioned paid over to him.

BILL IN EQUITY filed June 18, 1870, against the trustees under and executors of the will of William J. Walker, to compel them to pay over to the plaintiff a bequest to which he alleged he was entitled under the will. The case, as it appeared from the bill and answer, on which it was reserved by *Ames*, J., for the determination of the full court, was as follows :

William J. Walker, who died in April 1865, by the first item of his will gave certain real estate to trustees ; by the second gave to them certain personal estate ; and by the third directed a certain part of the income of such real and personal estate to be paid in a certain contingency to his widow. The will then proceeded thus :

" *Item* 4. I hereby direct the said trustees, after paying the taxes and expenses of such repairs and improvements, as in their discretion they may deem proper, on the real estate devised in the first item above, to pay over at their discretion one sixth part of the net income from the rents and profits thereof, to each of my children, to wit, Frances W., wife of Alfred Ladd, Emily C. W., wife of Samuel Shepard, Edward J., Abigail I., and a sum, not exceeding one sixth part thereof, to be expended by said

trustees, as in their discretion may be proper, for the support and education of the children of my late son Joseph H., which education shall be directed by my said trustees; and the sole and separate receipts of my said daughters, without that of their present or any future husband either of them may have, shall be in full discharge of such payments, said amounts to be subjected to the contingent payments named in the third item above to my wife.

" *Item 5.* In case of the decease of either of my said children, having lawful issue, it is my will that they shall receive the share of their parent, and that said trusts shall be continued for their benefit during their minority and education, which education shall be directed by the trustees herein named, and after that their share shall be paid over to and distributed among them or him. And after the children of my said son Joseph H. shall attain their majority and have received their education, the portion of the fund intended for their benefit, being one sixth of the amount of the trust fund, shall be paid to, and distributed to and among them equally. And I do further provide and direct, on the decease of any one of my now surviving children, or on my decease, if I shall survive any of them, the one sixth of the estates named above, and proceeds of the sale thereof, or part thereof, which such child shall or would be entitled to the income of during his or her life, shall be assigned, conveyed and paid over to his or her then surviving children, and the lawful descendants of any then deceased child of him or her, to wit, being any great-grand-children, shall be entitled to the share of such then deceased grandchild by representation; and I recommend that these devises and bequests, in cases of devisees under age, may be continued under said trusts, and be applied in defraying the expenses of their education, so far as this can be advantageously done. And in case of the decease of either of the children of my said son Joseph H., before obtaining his or her majority, leaving no lawful issue, that portion of the one sixth of the trust fund, and the income belonging to said deceased child, shall go to the surviving brothers and sisters; and if either of my children shall decease leaving no lawful issue, their portion of said

trust funds shall not go to their heirs at law, but shall revert to my estate for the benefit of the residuary legatees.

" *Item* 6. I hereby direct my said trustees to hold, manage and use the sum given them above in the second item, subject to the contingency named in the third item above, for the benefit and use of my said children, and the children of my said son Joseph H., and at their discretion to pay over the net income thereof to my said daughters and my said son Edward J., and use not exceeding one sixth part thereof, at their discretion, so as to enure to the best good and education of the children of my said son Joseph H., upon the same terms, conditions and receipts as the income of the real estate described and distributed above is expressed. And I also will that in case of the decease of either of my said children, as in the fifth item is mentioned, the same trust shall continue for the benent of any lawful issue they may have, and the same distribution shall be made of their share of the personal estate given in the second item above as is directed with regard to the children and grandchildren of my son Joseph H."

The eighth item was in these words : " I give, devise and bequeath to my said trustees, or the survivors of them, and their successors, all the real estate I own in the town of Townsend in Massachusetts, to have and to hold the same absolutely and in fee ; in trust nevertheless for the sole use and benefit of the children of my said son Joseph H., deceased, until the youngest of said children shall arrive at the age of twenty-one years, and then said estate is to be divided equally among them, subject to any right of dower or homestead exemption that the widow of my said son Joseph H. may have in the premises."

At the death of the testator, the children of Joseph H. Walker were all under full age ; and since that time the plaintiff, who was the eldest child of Joseph H. Walker, has become of full age, but his brothers and sisters are still minors. The plaintiff contended that he was entitled to be paid at once the principal of his share in the fund given by the fifth item of the will to his father's children. The defendants contended that he was not entitled to such principal until all his father's children should attain their majority.

*T. H. Russell*, for the plaintiff.

*H. C. Hutchins*, for the defendants.

BY THE COURT. Upon a consideration of all the provisions of this somewhat obscure will, it is the opinion of a majority of the court that the intent of the testator was, that, upon the children of his son Joseph respectively attaining their majority, the principal of the proportional share of each child in the trust fund mentioned in the fifth article of the will should be paid and distributed to the child so coming of age ; and not that the whole distribution of this fund should, as in the case of the real estate devised by the eighth article, be postponed until the youngest of said children should arrive at the age of twenty-one years.

*Decree for the plaintiff accordingly.*